## Gray, Jr., Guardian v. Gray.

(Decided December 17, 1920.)

### Appeal from Pike Circuit Court.

1. Infants—Indivisible Property—Sale of.—Where the interest of an infant in real property was sold because of its indivisibility, there being no exceptions to the report of the commissioners, the rights of appellants are concluded in their claim upon appeal that the property is divisible.

2. Infants—Sale of Indivisible Property—Correction of Judgment.— Where an infant's interest in real property was ordered sold because of its indivisibility, there should have been adjudged a lien for an amount incurred for street improvement, and the judgment to the extent of the lien should be corrected.

STRATTON & STEPHENSON for appellant.

CLINE & STEELE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part and reversing in part.

A certain lot in the city of Pikeville was jointly owned by E. E. Gray, W. W. Gray and V. C. Gray. According to the record the latter, who died some years ago, owned 5/24ths undivided interest in the said lot, which was 100 feet wide and 260 feet deep, and of the value of some $6,000.00 to $8,000.00. The interest of the deceased V. C. Gray in the lot is alone in litigation. At the time of his death he owed to the plaintiff, E. E. Gray, a note of $350.00 with interest from December, 1917; he also owed to W. W. Gray and E. E. Gray a debt of $84.05. His funeral expenses had not been paid and

there were some other obligations unsatisfied. This suit to settle the estate of V. C. Gray was brought by E. E. Gray against the widow, heir and administrator of V. C. Gray and others, to subject the 5/24ths interest of V. C. Gray in the lot in Pikeville to the payment of his debts, on the averment that there was no personal property out of which to pay these obligations and that this was the only real property owned by V. C. Gray at the time of his death. It was also averred that the widow and infant did not reside upon the property and were non-residents of the state of Kentucky; that the property was indivisible and that it could not be divided without impairing its value as well as the value of the joint interests owned by W. W. Gray and E. E. Gray. The answer traversed the averment of indivisibility of the property and affirmatively alleged that the property was divisible, and the prayer asked that the property be divided and allotted in kind. There was no denial of the indebtedness or the right of the parties to subject the property to the claim of the creditors of V. C. Gray.

There is some controversy about the number of shares or interests owned by V. C. Gray in the property at the time of his death. He obtained title from his father, I. E. Gray, who conveyed the lot in question to Alma C. Gray, W. W. Gray, Eugene E. Gray, Roscoe C. Gray, Virgil C. Gray and Clare F. Gray, in 1897. Under this deed Virgil C. Gray took one-sixth undivided interest in the lot. Later on a sister and co-owner, Alma H. Gray, died intestate and without issue; thus her one-sixth reverted to her father, I. E. Gray. Later another child and co-owner died before the death of V. C. Gray, and before the death of the father, I. E. Gray, who survived the son V. C. Gray but died intestate before the commencement of this action. The interest which the child of Virgil C. Gray received from its grandfather, I. E. Gray, was not subject to the debts of the decedent, Virgil C. Gray, sued on herein, but there was only 4/24ths of the lot in question liable to the debts of V. C. Gray, Sr.

After issue joined upon the divisibility or indivisibility of the property the court appointed three commissioners to view the property and report upon whether the same was divisible, and if so to make such division and report the same in writing to the court.

The commissioners met upon the premises and performed their duties as directed by law and reported to

the court in writing that the property was not susceptible of advantageous division but that a division would unfavorably affect the interest of the infant defendant as well as that of co-owners, and recommended that no division be made but that the undivided interest of the infant defendant, V. C. Gray, be sold as a whole and the proceeds arising from the sale be applied to the satisfaction of the debts sued on. No exceptions were filed by either side to this report and in due time it was duly and regularly confirmed by the court; thereupon a judgment was entered by the court finding the property indivisible and directing a sale of the interest of the infant defendant in the property and the application of enough of the proceeds to satisfy the debt sued on, the remainder to go first as dower to the widow and the residue, if any, to the infant.

The infant and widow appeal.

It is now insisted that the court erroneously adjudged the property indivisible. In the argument of counsel for appellants it is asserted that the lot extends from one street to another and faces 100 feet or more upon each of said streets and that it is susceptible of division into four good sized building lots, either one of which would have a considerable salable value, and that one of them would be sufficient to satisfy the interest of the infant defendant, V. C. Gray. It appears to the court that this claim comes rather late, for it was in the province of the trial court to adjudge the property indivisible upon the report of the commissioners in the absence of any exceptions or evidence to the contrary, and the court having done so, the rights of appellants are concluded.

The only other contention of appellants which need claim our attention is that the court ordered the sale of the 1/24th interest, which the infant inherited from his grandfather in the lot, and the proceeds subjected to the debts of V. C. Gray, deceased, when in truth and in fact the said deceased, V. C. Gray, the collection of whose debts it is sought to enforce, never owned said 1/24th interest, but this 1/24th interest in the lot descended from the grandfather, I. E. Gray, to his grandchild, the infant defendant, V. C. Gray. In answer to this contention it may be said that this one-twenty-fourth interest was indivisible and the whole interest of the infant was properly directed to be sold. Moreover, the debt of $84.05 was for a street improvement made along in front of the property in question and was a lien against and

upon all of the interest of the said V. C. Gray, Sr., as well as the whole lot and the interest of V. C. Gray, Jr., defendant herein. The trial court should have adjudged the one-twenty-fourth interest subject only to the $84.05 indebtedness along with the other four-twenty-fourths interest of the infant defendant and in case the four-twenty-fourths interest was no more than sufficient to satisfy the other indebtedness sued on, then and in that event only should the claims be marshalled so that the $84.05 should be held a lien against the one-twenty-fourth interest alone. In this respect the judgment below should be corrected, otherwise the judgment is affirmed.

Judgment affirmed in part and reversed in part.